Okey, J.
When a proper construction is given to the act of 1843, “ to create a lien uin favor of mechanics,” etc. (41 Ohio L. 66; 1 S. & C. 833; Nev. Stats. §§ 3184-3206), the rights of the parties’to this suit will be determined. The provisions of the mechanics’ lien laws of the various states are so widely different that the decisions of the courts of one state are, as a general rule, very unsafe guides for the courts of another state on this subject. The act of 1843 has, however, been repeatedly under consideration in this court, and the construction the statute has received renders the decision of this case a task of littledifficulty.
Where the articles with respect to which the lien is asserted are furnished continuously, as in this case, such lien dates from the time the first article is furnished, and it is as impossible for the debtor to defeat the lien by an assignment for the benefit of creditors as by a sale of the property. The interest of 'the assignee therein is not greater than the interest which the assignor had, though the assignee is entitled to possession for the purpose of converting the property into money. Lindemann v. Ingham, 36 Ohio St. 1. Nor can the fact that the account *77 of machinery furnished had not been prepared until after the assignment had been made, affect the rights of the parties. The lien was in all respects as effectual at and after the time the assignment was made as it had been before. Filing the verified account with the county recorder simply prevented the lien from being barred by the limitation of four months provided for in the statute.
The assignee claims, however, that this is an attempt on the part of the Globe Iron Works to obtain a mechanics’ lien on personal property. But the lien may be asserted as well against a leasehold, a chattel interest, as against real estate (Choteau v. Thompson, 2 Ohio St. 114; Dutro v. Wilson, 4 Ohio St. 101); and where a mechanic agrees with one in possession as tenant of real estate, under a lease like this, to furnish machinery and attach it to a building on the leased premises, to be used by such tenant in carrying on manufacturing in the building, such machinery, when so attached, becomes so much a part of the leasehold that the mechanics’ lien will extend to the machinery. Here the agreement was that the tenant should have the right, at the expiration of, or during the term, to remove such fixtures, but this did not affect the mechanics’ rights. It does not distinctly appear how the machinery was attached to the building, but probably the tenant would have had the right of removal without the agreement. Teaff v. Hewitt, 1 Ohio St. 511. Nor are the rights of the parties affected by the fact that the interest of the tenant in the building and ground was not sold by the assignee, being considered of no value. The things which, by being annexed to the building, had become an appurtenance of the leasehold, and a part thereof for the purposes of such lien, were sold, and the mechanic was entitled to payment of his judgment out of the fund arising from such sale.

Judgment affirmed.